# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF ESSEX, NOVEMBER TERM 1841, AT SALEM.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL PUTNAM, } Justices.
Hon. SAMUEL S. WILDE, }

---

## Inhabitants of Gloucester vs. County Commissioners of Essex.

Under the Rev. Sts. c. 24, § 13, authorizing a jury to make any alterations, that may be prayed for, between the termini of a highway laid out by county commissioners, a jury has no authority to make an entire new line of way from one terminus to the other ; and a mandamus will not be granted to the commissioners to summon a jury for such purpose, on their dismissing a petition therefor of parties aggrieved by the laying out of a highway.

Petition for a writ of mandamus to be directed to the county commissioners, requiring them to issue a warrant to summon a jury to make alterations in a highway. The facts of the case are fully stated in the opinion of the court.

The argument was had at the last November term.

*Shillaber*, for the petitioners.

*Wildes*, for the respondents.

Shaw, C. J. This is a petition for a writ of mandamus, directing the county commissioners to summon a jury under these circumstances : The commissioners, in 1839, after due notice, laid out a highway in the town of Gloucester, passing

over the land of several individual proprietors, and crossing Little River, and extending, in the whole, about one mile and a quarter. After the return of the location was made and accepted by the commissioners, and at their session next following that return and acceptance, the inhabitants of Gloucester presented their petition, requesting the commissioners to summon a jury to make certain specified alterations in the route of said highway. It appears by the answer of the commissioners, which is admitted to be true, that the alteration, proposed by the petitioners to be submitted to and made by the jury, is an entirely distinct route from that made and located by the commissioners ; beginning at one terminus and ending at the other, and not coinciding with the route established by them, except at the termini. It also appears that the proposed route passes over lands of persons, whose lands were not traversed by the route established by the commissioners, and wholly leaves the lands of proprietors, whose lands were taken by the commissioners' route, and for whom damages were assessed.

There is great difficulty in understanding clearly what was the intention of the legislature, in the various provisions of the revised statutes, in relation to laying out highways. Several sections of Rev. Sts. *c.* 24, viz. § § 7, 8, 13, &c. plainly contemplate that towns may and must be parties, and as such may pray for a jury in various cases.

In regard to the right and authority of individuals, whose land has been taken, although in terms it is provided that they may, on application, have a jury to increase their damages, or to make any alterations in the route, yet it has been decided to be a reasonable construction of these provisions, that no other alteration can be made, on the application of an individual, except so far as it passes over his land ; or, in case of a like application by two or more coterminous proprietors, so far as it passes over their lands. On any other construction, such alterations might be made, that the way would be broken up into sections not coinciding with each other, and thereby render the whole useless. The legislature could not have intended so absurd a consequence ; and therefore such construction is put

upon the generality of the words of the statute, as it must be presumed the legislature intended. *Merrill* v. *Inhabitants of Berkshire*, 11 Pick. 269. *Lanesborough* v. *County Commissioners of Berkshire*, 22 Pick. 278.

It is to be presumed, that the reason why it was ever provided that a jury should be authorized, on the application of an individual whose land is taken, to make alterations in his land, was, because it might be intimately connected with the question of damages. The declaration of rights having provided that every party, whose civil rights are to be affected, shall, if he require it, be entitled to have a trial by jury, it has been considered by the legislature as a just deference to this provision, that a proprietor, whose land is taken for public use, shall have it esti-mated by a jury, if he require it. In assessing damages, it would often happen, that by a deviation, or alteration of the line of the way, the damages might be essentially diminished ; as, by avoiding a building of the owner, or his well, orchard or garden, the effect would be to reduce the burden upon the individual, without diminishing much, if any, the utility of the way to the public. The practicability of such alteration, therefore, would naturally connect itself with the question of damages ; and it is believed that a regard to this consideration first introduced the provision that a jury might make alterations, on the application of an individual proprietor. But these considerations would not extend to warranting alterations, except on the land of such applicant himself, or applicants, if two or more happen to be adjoining each other ; and this strengthens the conclusion, that it was intended to be so limited by the legislature.

But there is much more difficulty in finding the limit intended by the legislature to be put on the power of towns to apply for a jury to make alterations. The power so to apply is given in general terms, as well to towns as to individuals. Rev. Sts. *c.* 24, § 13. Still, although the law thus contemplates that towns may be parties, and, as such, may pray for a jury to make alter ations, yet this must be construed with reference to other pro visions of the statute, and limited accordingly ; so that all its

provisions may stand together, and form one consistent, practicable and harmonious system.

The same statute, which gives this right to a town to pray for a jury to make alterations, provides that the lands of those, whose lands are taken by the commissioners, shall have damages, and, if dissatisfied with the amount, they may have a jury to assess them. And any act, authorizing the taking of the land of individuals for public uses, which should not make such provision, would be unconstitutional, inoperative and void. But a jury is only to revise and rejudge the assessment made by the commissioners, and not to make an original assessment. But if juries may make alterations *ad libitum*, within the termini, they may pass over lands of persons, whose lands have not been taken by the commissioners, and for whom no damages have been assessed. If the jury proceed to assess damages for such persons, they proceed to adjudicate upon the rights of those who are not before them, who have never been summoned, except by a general notice of the petition, given by the commissioners, which has been acted upon and exhausted, and who are no longer deemed parties to the proceeding.. Or shall such persons make a new application to the commissioners to assess their damages ? It is true there is no express authority given to the commissioners in such case, but suppose they have it by *necessary implication ; then after such assessment in favor of* such new parties, each of them may pray for a jury, and have a new assessment of damages, and, if the jury so say, a change of location.

But this is not the whole of the difficulty. A new highway may extend through several towns. If each town may pray for a jury to make any alterations within the termini, then the road may go through towns not touched by the commissioners' location, and go wholly aside of towns traversed by it. It would thus bring in new parties, not before affected. Each might have a new jury, and each jury might make a new location. It seems impossible, therefore, to suppose that these consequences were contemplated by the legislature ; and we suppose, therefore, the statute cannot be construed and applied literally, because it

would be inconsistent with other provisions ; and it must be construed and applied, if possible, so as to give all of them a reasonable construction. Without attempting a construction to meet all the difficulties of the case, we are strongly inclined to the opinion, that it would not be competent for a jury, upon the application of a town for alterations, so to change the location of the commissioners as to affect any other town, nor to make such alterations as to extend the road over the lands of persons, whose lands are not passed over by the route of the commissioners ; but must be confined to the lands of those, whose lands have been taken, for whom damages have been assessed, and who are thereby deemed parties to the proceedings.

But the specific ground, upon which we decide upon this petition, is this : It is very clear that if a jury would have no authority to do the acts contemplated by the petitioners, then there is no occasion for granting the writ of mandamus as prayed for.

Throughout the whole system of legislation upon this subject, the term " alteration " has been used technically, to distinguish between the making of an entire new way, and changing the location in one or more intermediate sections. The statute contemplates the laying out, altering, and discontinuing of highways, as the exercise of distinct substantive powers, to accomplish separate and distinct objects. Under a petition for altering a highway from A. to B., it is very questionable whether the commissioners could lay out an entire new line of way between the two termini. If they can, there would seem to be no distinction between laying out and altering.

Taking the term " alterations " as used technically and in the sense explained, let us examine the clause in the statute, on which this petition is founded. Rev. Sts. *c.* 24, § 13. " Any party who shall be aggrieved by the doings of the commissioners, either in laying out, altering, or discontinuing any highway, or in the estimation of his damages occasioned thereby, may have a jury, &c. ; provided that the jury shall not revise the judgment of the commissioners, as to the common convenience and necessity of laying out or of altering ; but they may make

any *alterations* that may be prayed for between the termini."
Had it been intended to confer an authority to construct an en-
tire new line of road, from one terminus to the other, it would
have been given, we think, in more express terms.   In this
very section, the laying out of a new road, and the making of
alterations in an existing road between termini, are spoken of as
distinct.   If, in describing the power to be conferred on a jury,
it was intended to give the power of changing the whole loca-
tion, it would have been expressed, we think, by saying that the
jury should have power to lay a new line of road between the
same termini, or make any alterations therein ; especially as
these are regarded as distinct and separate powers.

Without attempting, therefore, to lay down any general rule
on the subject, or saying how the difficulties first above suggest-
ed are to be met and obviated, when they occur, we are of opin-
ion that as this petition prayed for a jury to make an entire new
line of way from one terminus to the other, it was asking for the
exercise of an authority which the statute has not conferred on
the jury ; that the commissioners did right in dismissing the pe-
tition, and that the petition to this court for a writ of mandamus
must be dismissed.